IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JUDE PRIME, on his behalf and
on behalf of those similarly situated,**

    Plaintiff,

**CASE NO.: 6:21-cv-00648-CEM-DCI**

vs.

**PARADISE GRILLING SYSTEMS, INC.,**
a Florida Corporation

    Defendant.

_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Jude Prime ("Prime")** and **Alberto Rodriguez ("Rodriguez")**, on behalf of themselves, their heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Plaintiffs"), and **Paradise Grilling Systems, Inc.** (hereinafter referred to as "PGS"). Throughout this Agreement, Plaintiffs and PGS shall collectively be referred to as the "Parties."

WHEREAS, Plaintiffs were formerly employed by PGS.

WHEREAS, Plaintiffs have alleged unlawful employment practices in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 210 et seq., against PGS by filing a lawsuit entitled *Jude Plaintiffs, individually and on behalf of others similarly situated v. Paradise Grilling Systems, Inc.*, in Case No.: 6:21-cv-00648-CEM-DCI (M.D. Fla) (herein the "Lawsuit").

WHEREAS, Alberto Rodriguez is the only person who consented to become an opt-in plaintiff in the Lawsuit, and no other persons have expressed an interest in joining the lawsuit.

WHEREAS, PGS denies any wrongdoing under the FLSA, and denies that it owes Plaintiffs any additional compensation, and that any error in Prime's pay in the amount of $60.23 was due to an administrative error, and that Rodriguez was overpaid by $160.24.

WHEREAS, the Parties wish to resolve this matter and avoid the disruption and expense of further of litigation.

**EXHIBIT A**

NOW THEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. <u>Recitals</u>. The above Recitals are true, correct and are incorporated herein by reference.

2. <u>Payments To Be Made</u>. In full and final settlement of Plaintiffs' alleged claims, PGS will pay the total sum Three Thousand Five Hundred and No/100 Dollars ($3,500.00) to be paid as follows:

A. Four Hundred and No/100 Dollars ($400.00) to Prime representing $200.00 as alleged unpaid wages/overtime, less applicable taxes and withholdings, and $200.00 representing Prime's alleged liquidated damages. An IRS Form W-2 will be issued to Prime for the wage payment and an IRS Form 1099 will be issued to Prime for the liquidated damages payment.

B. One Hundred and No/100 Dollars ($100.00) to Rodriguez representing $50.00 as alleged unpaid wages/overtime, less applicable taxes and withholdings, and $50.00 representing Rodriguez's alleged liquidated damages. An IRS Form W-2 will be issued to Rodriguez for the wage payment and an IRS Form 1099 will be issued to Rodriguez for the liquidated damages payment.

C. Three Thousand and No/100 Dollars ($3,000.00) as attorney's fees and costs to the attorneys for Plaintiffs, The Leach Firm, P.A., (EIN 82-1926549). An IRS Form 1099 will be issued to Plaintiffs and to The Leach Firm, P.A., in connection with this payment in accordance with applicable law.

Plaintiffs agrees that the amounts being paid to them represent more than any amounts they are allegedly owed by PGS and that no other payments are due and owing to Plaintiffs by PGS as a result of their prior employment with PGS.

3. <u>Allocation and Indemnification</u>. Plaintiffs each acknowledge and agree that they are solely responsible for the payment of any and all federal, state and/or local taxes imposed on them by any revenue agency that is or may be owed taxes or other withholdings with respect to the monies paid to them or paid on their behalves hereunder, other than those paid in accordance with the back wages paid to Plaintiffs. Plaintiffs agree to indemnify and hold PGS harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental authority asserted against PGS because of Plaintiffs', or either one of them, failure to pay taxes or other withholdings. Plaintiffs further agree to hold PGS harmless as to costs,

2

expenses or damages sustained by Plaintiffs as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, as a result of their failure to pay such taxes or other withholdings. Plaintiffs represent that they are not relying in any way upon PGS in this regard.

4. <u>No Admission of Liability</u>. This Agreement does not constitute and shall not be construed as an admission by any party of liability or wrongdoing or any violation of law and, to the contrary, any such interpretation is specifically denied. It is expressly understood and agreed that this Agreement shall not be construed as, or be deemed to be, evidence of an admission or concession of any fault or liability or damage whatsoever on the part of any of the Parties hereto. Plaintiffs specifically acknowledge that, in entering into this Agreement and paying the consideration for this Agreement, PGS do not admit, and expressly deny, liability of any kind to Plaintiffs, and expressly assert that Plaintiffs' alleged claims are without merit. The Parties acknowledge that the settlement is being entered into to avoid the cost and expense of litigation.

5. <u>Dismissal of Lawsuit</u>. Concurrent with the execution of this Agreement, the Parties, through their counsel, agree to file a Joint Motion to Approve the Settlement Agreement and Motion to Dismiss the Case with Prejudice, and Supporting Memorandum of Law (hereinafter the "Joint Motion") with the Court, which shall include all claims and all counterclaims which were or may have been brought in the Lawsuit or any related state or federal court suit related to their claims under the FLSA. The Joint Motion will include a copy of this Settlement Agreement.

6. <u>Full Relief</u>. Plaintiffs represent and acknowledge that the settlement proceeds identified herein constitute payment in full for all of their claims under the Fair Labor Standards Act at 29 U.S.C. §§ 201, *et seq.*, including claims for minimum wages and overtime compensation, liquidated damages and attorney's fees and costs.

7. <u>Coverage of Release and Future Damages</u>. Plaintiffs understand and expressly agree that they have no right to, and otherwise waive and release, any right to receive any further compensation or damages other than that set forth herein if they institute or join a claim, charge, action or legal proceeding against PGS, or if an agency or entity sues or brings any action against PGS on behalf of Plaintiffs for FLSA claims settled and released under this Agreement. Nothing contained in this Agreement shall prevent any party from filing a lawsuit for the purpose of enforcing their rights under this Agreement.

3

8. <u>Attorney Fees and Costs</u>.   Except as otherwise set forth herein, each party shall be responsible for payment of their own attorneys' fees and costs.

9. <u>Authority</u>.   Plaintiffs represent and warrant that they are authorized to enter into this Agreement, and that they have the authority to perform the terms of this Agreement. Plaintiffs represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of any released claim.

10. <u>Severability</u>.   If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law and to that extent the Agreement is severable.

11. <u>Governing Law and Venue</u>.   This Agreement shall be construed and governed in accordance with the laws of the State of Florida (without regard to its choice of law provisions) and subject to the exclusive jurisdiction and venue of the federal and state courts in and for Orange County, Florida.

12. <u>Counterparts</u>.   This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. A fully executed copy of this Agreement shall be of the same force and effect as an original.

13. <u>Successors and Assigns</u>.   This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

14. <u>Representations</u>.   Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

15. <u>Drafting of Agreement</u>.   The Parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

16. <u>Entire Agreement, Merger Clause and No Oral Modifications</u>.   This Agreement is the entire agreement between Plaintiffs and PGS relating to Plaintiffs' alleged FLSA claims. This

is the only agreement. The parties affirm that there are no "side-agreements". All prior or contemporaneous oral or written agreements, communications, representations, and inducements are hereby cancelled and extinguished, and shall not be relied upon for any purpose whatsoever. No modification of this Agreement shall be legally valid or binding unless memorialized in a written Addendum signed by all Parties. Any attempted or purported verbal modification to this Agreement is void and void, invalid and non-binding. No term or condition of this Agreement can be waived by verbal agreement, including, without limitation, the terms of this Section 16.

17. <u>No Change to Agreement</u>. The Parties acknowledge and assume the risk that additional or different facts which they believe to exist, may now exist, or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

18. <u>Opportunity to Consider and Confer</u>. Plaintiffs expressly warrant and represent: that before executing this Agreement, Plaintiffs fully informed themselves of the terms, contents, conditions and effects thereof; that in making the settlement represented by this Agreement, Plaintiffs had the benefit of the advice of counsel of their own choosing; that no promise or representation of any kind has been made to Plaintiffs regarding the settlement of their alleged FLSA claims, except as is expressly stated in this Agreement; that Plaintiffs fully understand and are in complete agreement with all terms of this Agreement; and, that Plaintiffs are entering into this Agreement of their own free will. Plaintiffs further expressly warrant and represent that they have relied solely and completely on their own independent judgment and the advice of their counsel in entering this Agreement.

19. <u>Consultation</u>. Plaintiffs acknowledge that they have been advised to consult an attorney prior to signing this Agreement, and that they have consulted with and been advised by Bruce A. Mount Jr., Esq. regarding this matter and are satisfied that they have received excellent legal advice and that attorney Mount has explained to Plaintiffs all of their options in connection with this Agreement.

20. <u>Court Approval and Payment</u>. Should the Court specifically not approve the proposed settlement of this Lawsuit, this Agreement shall be null and void and no payment set forth herein shall be required. If the Court approves the proposed settlement of this Lawsuit, PGS agree to make payment of the monies as set out in Paragraph 2 above, within ten (10) business days of the Court's approval of the settlement in this matter.

21. <u>Understanding of Agreement</u>.   This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement in its entirety and that they understand the words, terms, conditions and legal significance of this Agreement.

Date:_____          _____
                                       Jude Prime

Date:_____          _____
                                       Alberto Rodriguez


                                       Paradise Grilling Systems, Inc.,
                                       a Florida corporation,

Date:   7/28/21                        _____
                                       By: Richard E. Mitchell, as its Chief Legal Officer

6

21. <u>Understanding of Agreement</u>.   This Agreement is freely and voluntarily entered into by the Parties.  The Parties acknowledge that they have read this Agreement in its entirety and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 7/29/2021 _____

Jude Prime

Date:_____  _____

Alberto Rodriguez


Paradise Grilling Systems, Inc.,
a Florida corporation,

Date:_____  _____

By: Richard E. Mitchell, as its Chief Legal Officer

6

21. <u>Understanding of Agreement</u>. This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement in its entirety and that they understand the words, terms, conditions and legal significance of this Agreement.

Date:_____ _____
Jude Prime

Date: 8/2/2021               *A. Rodriguez* _____
Alberto Rodriguez


Paradise Grilling Systems, Inc.,
a Florida corporation,

Date:_____    _____
By: Richard E. Mitchell, as its Chief Legal Officer